E-FILED 2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| RICHARD HERMAN, PLAINTIFF<br><br>V.<br><br>STATE OF IOWA, JANE ENFIELD, CITY OF WAUKON, AND ROBERT CAMPBELL, DEFENDANTS | PETITION AND JURY DEMAND |

Comes now Richard Herman, Plaintiff, through his attorney, and for his cause of action against defendants the State of Iowa, Jane Enfield, the City of Waukon, Iowa, and Robert Campbell states:

1. Richard Herman (Mr. Herman) is a resident of Allamakee County, Iowa.

2. The City of Waukon (Waukon) was the employer of Mr. Herman for approximately 13 years.

3. Waukon is a municipal corporation located in Waukon, Iowa.

4. The State of Iowa, Department of Natural Resources (DNR), provides testing and certification services to water treatment plants in Iowa.

5. The DNR is located in Polk County, Iowa and actions leading to this Petition occurred in Polk County.

6. Jane Enfield is an employee of the DNR who works in the area of testing and certification of sewer and water treatment operators.

7. Robert Campbell (Mr. Campbell) works for Waukon and was Mr. Herman's supervisor until his termination in December 2012.

8. Mr. Campbell was the operator in charge and the shift operator of the Waukon water treatment plant and distribution system at all times relevant to this petition.

9. Mr. Herman was employed by the City of Waukon for approximately 13 years as a maintenance worker in the sewer and water department.

10. Mr. Herman's duties were to pump sewer sludge to the digester, clean sewers, hose and clean tanks, fix pumps as needed, clean filters and maintain the sludge truck as needed. He also operated the sludge truck, which was used to spread treated waste on farmers' fields.

Case 4:14-cv-00389-JAJ-RAW   Document 2-1   Filed 09/29/14   Page 2 of 7
E-FILED  2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
**Richard Herman v. State of Iowa, et al.**
Page 2

11. Mr. Herman was never designated at the shift operator or the operator in charge of the Waukon treatment and water distribution system.

12. Mr. Herman had satisfactory performance; his employment file does not reflect that he was ever subject to discipline or criticism for his job performance.

13. Mr. Herman successfully performed all the essential functions of his job.

14. Mr. Herman has a disability within the meaning of the Iowa Civil Rights Act and the Americans with Disabilities Act that affects major life activities of reading, comprehending written instructions, thinking, learning and working. (Mr. Herman's tested reading ability is in the 2nd percentile and his intelligence score is in the 10th percentile.)

15. Mr. Herman is a qualified individual with a disability.

16. In 2011 Waukon and the union representing the sewer and water workers agreed that the employees would be required obtain certification as sewer and water treatment operators within certain time frames.

17. In 2011 Waukon and the union agreed that Mr. Herman would be given until December 31, 2012 to obtain certification and that the city would assist him in obtaining certification by working with the DNR to see if there were alternative means of testing that would allow Mr. Herman to successfully obtain certification.

18. Mr. Herman, however, did not become aware that the agreement regarding his certification had been finalized between the union and the city until December 2012.

19. Brent Johnson is an employee of the Waukon water and sewer department.

20. Mr. Johnson has been given 5 years to obtain certification and is not currently certified as a waste water operator.

21. Mr. Johnson does not have a disability within the meaning of the Iowa Civil Rights Act or the Americans with Disabilities Act.

22. During his employment with Waukon, Mr. Herman took the written examination to be certified as an operator 12 times but was unable to pass the examination because of his inability to read.

Case 4:14-cv-00389-JAJ-RAW   Document 2-1   Filed 09/29/14   Page 3 of 7
E-FILED  2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
Richard Herman v. State of Iowa, et al.
Page   3

23. Mr. Herman asked his boss Mr. Campbell repeatedly if he could be "grandfathered in" and continue to work without the certification based on representations made when he was hired in 2001 and because of Mr. Herman's inability to read.

24. Mr. Herman also asked Mr. Campbell repeatedly whether he could have the test read to him.

25. Mr. Campbell replied that it would be discrimination if the test were read to Mr. Herman.

26. Mr. Campbell denied Mr. Herman's request that he be grandfathered in.

27. During 2011-2012 Mr. Herman had conversations with DNR employees requesting that the test be read to him because of his inability to read.

28. Most of these conversations were with DNR employee Jane Enfield who repeatedly ignored, denied or shelved without taking action on Mr. Herman's request to have the test read to him.

29. In the summer of 2011 the DNR also denied a request that certain words on the test be pronounced for Mr. Herman.

30. Among other things, Ms. Enfield told Mr. Herman that it would cost too much to have the test read to him.

31. The DNR represented to the Iowa Civil Rights Commission that Mr. Herman did not ask for an accommodation until November 29, 2012.

32. The DNR's own documents, however, show that in January 2012, the DNR recognized that Mr. Herman had trouble reading.

33. The DNR through Ms. Enfield and another employee considered the accommodation of allowing the test to be read to Mr. Herman in January 2012, recognizing that Mr. Herman "…had had seizures that effected his brain and he can't always identify words visually, yet knows them when they are pronounced.  I sure hope we won't have to wander into verbal exams…if you know what I mean."

34. Despite the DNR's knowledge of Mr. Herman's difficulty with reading and inability to understand written words without having them pronounced for him, in November 2012 it demanded documentation of Mr. Herman's disability before processing the accommodation.

Case 4:14-cv-00389-JAJ-RAW   Document 2-1   Filed 09/29/14   Page 4 of 7
E-FILED 2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
**Richard Herman v. State of Iowa, et al.**
Page 4

35. On information and belief, the DNR never even asked its standardized testing provider, the Association of Boards of Certification, how to proceed in providing an accommodation in testing.

36. In November 2012, the DNR through Ms. Enfield, told Mr. Herman that he would have to go to the office of Iowa Workforce Development to arrange to have the test read to him.

37. Mr. Herman dutifully went to the Iowa Workforce Development office but was told they knew nothing about his request and could not help him.

38. On December 31, 2012 Waukon terminated Mr. Herman's employment, giving the reason as that he had failed to obtain certification as a wastewater operator.

39. Iowa law requires that the Operator in Charge of the treatment and water distribution system be qualified by examination "or otherwise," and certified as a competent operator.

40. Iowa law provides that upon request an applicant for certification may be given an oral examination.

41. Iowa law also requires that applicants be considered for accommodation in taking the operator's certification examination.

42. There is no Waukon city ordinance that requires sewer and water workers to be tested and certified and water and sewer operators.

43. The actions of Waukon in requiring Mr. Herman to become certified as a water treatment operator violate the Iowa Civil Rights Act and the Americans with Disabilities Act in the following ways:

    a. By classifying Mr. Herman's job in a way that adversely affected his job status because of Mr. Herman's disability.
    b. Participating in a certification relationship with the DNR that subjected Mr. Herman to disability discrimination.
    c. Participating in a contractual relationship with the union that effectuated disability discrimination against Mr. Herman.
    d. By using standards and criteria of requiring certification that had the effect of discrimination against Mr. Herman because of his disability.
    e. By refusing to make a reasonable accommodation to Mr. Herman's known mental limitation
    f. By terminating Mr. Herman's employment because of the need to make a reasonable accommodation of waiving the certification requirement.

Case 4:14-cv-00389-JAJ-RAW Document 2-1 Filed 09/29/14 Page 5 of 7
E-FILED 2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
Richard Herman v. State of Iowa, et al.
Page 5

    g. By using the operator certification requirement that screened out Mr. Herman because of his disability.
    h. By failing to engage in an interactive discussion with Mr. Herman to determine an effective and reasonable accommodation.
    i. By aiding and abetting the DNR in a pattern of discriminatory conduct that led to the termination of Mr. Herman because he was unable to pass the certification test without an accommodation of having the test read to him.

44. The DNR and Jane Enfield violated the Iowa Civil Rights Act and the Americans with Disabilities Act in the following ways:

    a. By using standards and method of administration in its test administration and/or certification program that discriminated against Mr. Herman because of his disability.
    b. By refusing to accommodate Mr. Herman's disability.
    c. By failing to select and administer test in the most effective manner that will accurately measure Mr. Herman's ability to do the job of an operator despite his disability.
    d. By failing to follow its own administrative regulations that allow for alternatives to testing for certification and that allow for accommodations to individuals who need assistance with test taking.
    e. By failing to inform Mr. Herman that he was eligible for an oral exam, which would involve the DNR evaluating his knowledge on the job site as he was performing his job.
    f. By aiding and abetting Waukon in its discriminatory discharge of Mr. Herman.

45. The DNR and Waukon violated the public policy of the State of Iowa by refusing to allow the waste water certification test to be read to Mr. Herman, by refusing to allow alternate means of obtaining certification to Mr. Herman including an oral examination.

46. The actions of all defendants contributed to and/or caused the termination of Mr. Herman's employment from Waukon and all arise from the same series of events and occurrences relating to the requirement that Mr. Herman obtain certification as a waste water operator through written testing.

47. As a result of the actions of these defendants, Mr. Herman suffered damages including lost wages and benefits, mental anguish, damage to his career, consequential damages and other losses.

*Count 1- Disability Discrimination against the City of Waukon and Robert Campbell*

48. Plaintiff repeats and incorporates by reference the Common Allegations.

Case 4:14-cv-00389-JAJ-RAW   Document 2-1   Filed 09/29/14   Page 6 of 7
E-FILED 2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
**Richard Herman v. State of Iowa, et al.**
Page 6

49. Waukon and Mr. Campbell violated the Iowa Civil Rights Act and the Americans with Disabilities Act by their actions, which damaged Mr. Herman.

*Count 2- Disability Discrimination against the State of Iowa Department of Natural Resources and Jane Enfield*

50. Plaintiff repeats and incorporates by reference the Common Allegations.

51. The State of Iowa and Jane Enfield violated the Iowa Civil Rights Act and the Americans with Disabilities Act by their actions which damaged Mr. Herman.

*Count 3- Violation of Public Policy against the State of Iowa Department of Natural Resources and Waukon*

52. Plaintiff repeats and incorporates by reference the Common Allegations.

53. The public policy of Iowa is that individuals with disabilities and/or the inability to successfully complete a written certification exam can be otherwise qualified as an operator through an oral exam or other verification of knowledge.

54. Waukon and the State of Iowa DNR violated the public policy by refusing to allow the certification test to be read to Mr. Herman, by refusing to waive the certification requirement for continued employment, and/or to allow certification through an oral exam or other verification of his knowledge.

*Jury Demand*

Mr. Herman demands trial by jury.

*Common Prayer for Relief*

Wherefore, Mr. Herman prays this Court for its order awarding him damages for lost wages and benefits, damage to his career, mental anguish, attorney fees, reinstatement and for such other relief as is just.

Case 4:14-cv-00389-JAJ-RAW   Document 2-1   Filed 09/29/14   Page 7 of 7
E-FILED 2014 AUG 26 4:47 PM POLK - CLERK OF DISTRICT COURT

Petition and Jury Demand
Richard Herman v. State of Iowa, et al.
Page   7

Respectfully submitted,

/S/Dorothy A. O'Brien
Dorothy A. O'Brien #AT0005877
ATTORNEY & COUNSELOR AT LAW, PLC
2322 East Kimberly Road, Suite 100E
Davenport, IA 52807
563-355-6060  Telephone
563-355-6666  Facsimile
dao@emprights.com   Email